**B1 (Official Form 1) (04/13)**

| United States Bankruptcy Court<br>Northern District of Illinois | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>Hibbing, Kenneth J. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br><br>Hibbing, Elizabeth D. |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>None |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):  1962 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. No./Complete EIN<br>(if more than one, state all):  7000 |
| Street Address of Debtor (No. and Street, City,  and State)<br><br>69 St. Marys Lane<br>Lindenhurst, IL<br><br>ZIPCODE 60046 | Street Address of Joint Debtor (No. and Street, City, and State<br><br>69 St. Marys Lane<br>Lindenhurst, IL<br><br>ZIPCODE 60046 |
| County of Residence or of the Principal Place of Business:<br><br>Lake | County of Residence or of the Principal Place of Business:<br><br>Lake |
| Mailing Address of Debtor (if different from street address):<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |

Location of Principal Assets of Business Debtor (if different from street address above):  ZIPCODE

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box) | Nature of  Business<br>(Check **one**  box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☑ **Individual (includes Joint Debtors)**<br>   *See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>   check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>   11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other  N.A. | ☑ Chapter 7          ☐ Chapter 15 Petition for<br>☐ Chapter 9             Recognition of a Foreign<br>☐ Chapter 11           Main  Proceeding<br>☐ Chapter 12         ☐ Chapter 15 Petition for<br>☐ Chapter 13           Recognition of a Foreign<br>                               Nonmain Proceeding |

| Chapter 15 Debtors<br><br>Country of debtor's center of main interests: _____<br><br>Each country in which a foreign proceeding by,<br>regarding, or against debtor is pending: _____ | Tax-Exempt Entity<br>(Check box, if applicable)<br><br>☐ Debtor is a tax-exempt organization<br>   under Title 26 of the United States<br>   Code (the Internal Revenue Code) | Nature of Debts<br>(Check one box)<br><br>☑ Debts are primarily consumer      ☐ Debts are<br>   debts, defined in 11 U.S.C.             primarily<br>   §101(8) as "incurred by an             business debts.<br>   individual primarily for a<br>   personal, family, or<br>   household purpose." |
|---|---|---|

| Filing Fee (Check one box)<br><br>☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only)   Must attach<br>   signed application for the court's consideration certifying that the debtor is unable<br>   to pay fee except in installments. Rule 1006(b). See Official Form  3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only).  Must<br>   attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>**Check one box:**<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D)<br>☐ Debtor is not a small business as defined in 11 U.S.C. § 101(51D)<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>   insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment<br>   on 4/01/16 and every three years thereafter).*<br>**Check all applicable boxes**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more<br>   classes of creditors, in accordance with  11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>   distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

**Estimated Assets**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322c2-301X-***** - PDF-XChange 3.0

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): Kenneth J. Hibbing & Elizabeth D. Hibbing |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: NONE | Case Number: | Date Filed: |
| Location Where Filed: N.A. | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X  /s/ James T Magee                    July 25, 2014 Signature of Attorney for Debtor(s)            Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form 1) (04/13) | Page 3 |
|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Kenneth J. Hibbing & Elizabeth D. Hibbing |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Kenneth J. Hibbing
   Signature of Debtor

**X** /s/ Elizabeth D. Hibbing
   Signature of Joint Debtor

   Telephone Number (If not represented by attorney)

   July 25, 2014
   Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 of title 11 are attached.

☐   Pursuant to 11 U.S.C.§ 1511, I request relief in accordance with the chapter of title 11 specified in this petition.   A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
   (Signature of Foreign Representative)

   (Printed Name of Foreign Representative)

   (Date)

### Signature of Attorney*

**X** /s/ James T Magee
   Signature of Attorney for Debtor(s)

   JAMES T MAGEE 1729446
   Printed Name of Attorney for Debtor(s)

   Magee, Negele & Associates, P.C.
   Firm Name

   444 North Cedar Lake Road
   Address

   Round Lake, Illinois 60073

   (847) 546-0055
   Telephone Number

   July 25, 2014
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
   Signature of Authorized Individual

   Printed Name of Authorized Individual

   Title of Authorized Individual

   Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

   Printed Name and title, if any, of Bankruptcy Petition Preparer

   Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

   Address

**X**

   Date

Signature of bankruptcy petition  preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322t2-301X-***** - PDF-XChange 3.0

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re _Kenneth J. Hibbing & Elizabeth D.
Hibbing_ _____        Case No._____
                        Debtor(s)                                    (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

Bankruptcy2014 ©1991-2014, New Hope Software, Inc.- ver. 4.7.7-814 - 32262-301X-***** - PDF-XChange 3.0

❏  3.   I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏  4.   I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

  ❏  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

  ❏  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.)**;**

  ❏  Active military duty in a military combat zone.

❏  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

  **I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  _____/s/ Kenneth J. Hibbing_____

                              KENNETH J. HIBBING

        Date: _____July 25, 2014_____

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-814 - 322t2-301X-***** - PDF-XChange 3.0

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re Kenneth J. Hibbing & Elizabeth D.
Hibbing
_____
Debtor(s)

Case No._____
(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

❏ 3.  I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4.  I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ❏  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ❏  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.)**;**

    ❏  Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Joint Debtor:_____  /s/ Elizabeth D. Hibbing
_____

                        ELIZABETH D. HIBBING

Date: _____ July 25, 2014 _____

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322G3-301X-***** - PDF-XChange 3.0

**B6 Cover (Form 6 Cover) (12/07)**


# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtor(s)

Unsworn Declaration under Penalty of Perjury


GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B. Subsequent pages should be identified with the debtor's name and case number. If the schedules are filed with the petition, the case number should be left blank


Schedules D, E, and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or it part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.


Review the specific instructions for each schedule before completing the schedule.

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322x2-301X-***** - PDF-XChange 3.0

**B6A (Official Form 6A) (12/07)**

In re  <u>Kenneth J. Hibbing & Elizabeth D. Hibbing</u>      Case No. <u>                    </u>

                **Debtor**                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Marital Residence<br><br>69 St. Marys Lane<br>Lindenhurst, Illinois 60046 | Joint Tenancy | J | 220,000.00 | 213,690.00 |
| | | Total ➤ | 220,000.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-814 - 322t2-301X-***** - PDF-XChange 3.0

**B6B (Official Form 6B) (12/07)**

In re   Kenneth J. Hibbing & Elizabeth D. Hibbing                              Case No. _____
                        **Debtor**                                                           **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Deposits of Money (BMO Harris Bank Checking 2688) | J | 0.00 |
| | | Business Account (BMO Harris Bank Checking #0220) | H | 0.00 |
| | | Deposits of Money (NorthShore Trust and Savings Checking | J | 400.00 |
| | | Deposits of Money (NorthShore Trust and Savings Business | J | 983.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | Livingroom Furniture and Televisions | J | 300.00 |
| | | Bedroom Sets, Washer and Dryer | J | 300.00 |
| | | Diningroom Set, Kitchen Table and Chairs | J | 300.00 |
| | | Kitchen utensils, Stove, Refrigerator and Microwave | J | 400.00 |
| 5.  Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | Wearing Apparel | J | 500.00 |
| 7.  Furs and jewelry. | | Jewelry | J | 1,000.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | 870 Wingmaster | H | 300.00 |
| | | Fitness and Exercise Equipment | J | 150.00 |
| | | Two Home Computers and Printer | J | 100.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322G2-301X-***** - PDF-XChange 3.0

In re   Kenneth J. Hibbing & Elizabeth D. Hibbing         Case No. _____

          **Debtor**                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Uline 401(k) Plan | W | 21,728.00 |
| | | Pension (Professional Office Services) (monthly on retirement) | H | 364.00 |
| | | TRS | W | 10,908.00 |
| | | Hewitt Associates 401(k) Plan | W | 259.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

In re   <u>Kenneth J. Hibbing & Elizabeth D. Hibbing</u>      Case No. <u>              </u>

          **Debtor**                                                       **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2010 Toyota Corolla (82,000 miles)<br>2002 Ford F150 (125,000 miles)<br>2002 Mercury Mountaineer (135,000 miles) | W<br>H<br>J | 5,000.00<br>1,000.00<br>250.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

<u>    0    </u> continuation sheets attached     Total     $       44,242.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322G2-301X-***** - PDF-XChange 3.0

B6C (Official Form 6C) (04/13)

In re   Kenneth J. Hibbing & Elizabeth D. Hibbing _____    Case No. _____
         **Debtor**                                                        **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐   11 U.S.C. § 522(b)(2)            ☐  Check if debtor claims a homestead exemption that exceeds
☑   11 U.S.C. § 522(b)(3)                 $155,675*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Marital Residence | 736 LL.C.S 5§12-901<br>736 LL.C.S 5§12-901 | 15,000.00<br>15,000.00 | 220,000.00 |
| Deposits of Money (BMO Harris Bank Checking 2688) | 735 LL.C.S 5§12-1001(b)<br>735 LL.C.S 5§12-1001(b) | 0.00<br>0.00 | 0.00 |
| Business Account (BMO Harris Bank Checking #0220) | 735 LL.C.S 5§12-1001(b) | 0.00 | 0.00 |
| Deposits of Money (NorthShore Trust and Savings Checking) | 735 LL.C.S 5§12-1001(b)<br>735 LL.C.S 5§12-1001(b) | 200.00<br>200.00 | 400.00 |
| Livingroom Furniture and Televisions | 735 LL.C.S 5§12-1001(b)<br>735 LL.C.S 5§12-1001(b) | 150.00<br>150.00 | 300.00 |
| Bedroom Sets, Washer and Dryer | 735 LL.C.S 5§12-1001(b)<br>735 LL.C.S 5§12-1001(b) | 150.00<br>150.00 | 300.00 |
| Diningroom Set, Kitchen Table and Chairs | 735 LL.C.S 5§12-1001(b)<br>735 LL.C.S 5§12-1001(b) | 150.00<br>150.00 | 300.00 |
| Kitchen utensils, Stove, Refrigerator and Microwave | 735 LL.C.S 5§12-1001(b)<br>735 LL.C.S 5§12-1001(b) | 200.00<br>200.00 | 400.00 |
| Wearing Apparel | 735 LL.C.S 5§12-1001(a)<br>735 LL.C.S 5§12-1001(a) | 250.00<br>250.00 | 500.00 |
| 870 Wingmaster | 735 LL.C.S 5§12-1001(b) | 300.00 | 300.00 |
| Fitness and Exercise Equipment | 735 LL.C.S 5§12-1001(b)<br>735 LL.C.S 5§12-1001(b) | 75.00<br>75.00 | 150.00 |
| Two Home Computers and Printer | 735 LL.C.S 5§12-1001(b)<br>735 LL.C.S 5§12-1001(b) | 50.00<br>50.00 | 100.00 |
| Uline 401(k) Plan | 735 LL.C.S 5§12-1006 | 100% of FMV | 21,728.00 |

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322t2-301X-***** - PDF-XChange 3.0

B6C (Official Form 6C) (04/13) -- Cont.

In re   Kenneth J. Hibbing & Elizabeth D. Hibbing                                    Case No. _____
                    **Debtor**                                                                              **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
## (Continuation Page)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Pension (Professional Office Services) (monthly on retirement) | 735 I.L.C.S 5§12-1006 | 100% of FMV | 364.00 |
| TRS | 735 I.L.C.S 5§12-1006 | 100% of FMV | 10,908.00 |
| Hewitt Associates 401(k) Plan | 735 I.L.C.S 5§12-1006 | 100% of FMV | 259.00 |
| 2010 Toyota Corolla (82,000 miles) | 735 I.L.C.S 5§12-1001(c) | 2,400.00 | 5,000.00 |
| 2002 Ford F150 (125,000 miles) | 735 I.L.C.S 5§12-1001(c) | 1,000.00 | 1,000.00 |
| 2002 Mercury Mountaineer (135,000 miles) | 735 I.L.C.S 5§12-1001(b)<br>735 I.L.C.S 5§12-1001(b) | 125.00<br>125.00 | 250.00 |
| Deposits of Money (NorthShore Trust and Savings Business) | 735 I.L.C.S 5§12-1001(b)<br>735 I.L.C.S 5§12-1001(b) | 491.50<br>491.50 | 983.00 |
| Jewelry | 735 I.L.C.S 5§12-1001(b)<br>735 I.L.C.S 5§12-1001(b) | 500.00<br>500.00 | 1,000.00 |

**B6D (Official Form 6D) (12/07)**

In re ___Kenneth J. Hibbing & Elizabeth D. Hibbing_____,    Case No. _____
          **Debtor**                                                                   **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

  List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

  If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

  If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

  Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1707<br><br>BMO Harris Bank<br>Bankruptcy Dept.<br>770 North Water Street<br>Milwaukee, WI 53202 | | J | <br><br><br>VALUE $     0.00 | | | | Notice Only | Notice Only |
| ACCOUNT NO. 1707<br><br>BMO Harris Bank<br>P. O. Box 94034<br>Palatine, IL 60094 | | J | Lien: Second Mortgage<br>Security: 69 St. Marys Lane,<br>Lindenhurst, Illinois<br><br>VALUE $    220,000.00 | | | | 31,527.00 | 0.00 |
| ACCOUNT NO. 4744<br><br>Nationstar Mortgage<br>350 Highland<br>Houston, TX 77067 | | J | Lien: First Mortgage<br>Security: 69 St. Marys Lane,<br>Lindenhurst, Illinois<br><br>VALUE $    220,000.00 | | | | 182,163.00 | 0.00 |

  __1__ continuation sheets attached

Subtotal ► $   213,690.00      $     0.00
(Total of this page)

Total ► $         $
(Use only on last page)

(Report also on     (If applicable, report
Summary of Schedules)   also on Statistical
                   Summary of Certain
                   Liabilities and Related
                   Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322d2-301X-***** - PDF-XChange 3.0

**B6D (Official Form 6D) (12/07) – Cont**.

In re ___Kenneth J. Hibbing & Elizabeth D. Hibbing___,    Case No. _____

**Debtor**    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 0001<br><br>Toyota Financial Services<br>401 Carlson Pkwy, #125<br>Minnetonka, MN 55305 | | H | <br><br><br><br>VALUE $            0.00 | | | | Notice Only | Notice Only |
| ACCOUNT NO. 0001<br><br>Toyota Financial Services<br>P. O. Box 8026<br>Cedar Rapids, IA 52408 | | H | Lien: Automobile Loan<br>Security: 2010 Toyota Corolla<br><br>VALUE $        5,000.00 | | | | 4,120.00 | 0.00 |
| ACCOUNT NO.<br><br><br> | | | <br><br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | <br><br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br><br> | | | <br><br><br>VALUE $ | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal (s) ⟩ $    4,120.00 | $        0.00
(Total(s) of this page)

Total(s) ⟩ $  217,810.00 | $        0.00
(Use only on last page)

(Report also on Summary of Schedules)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322i62-301X-***** - PDF-XChange 3.0

**B6E (Official Form 6E) (04/13)**

In re  Kenneth J. Hibbing & Elizabeth D. Hibbing _____,      Case No._____
_____
            Debtor                                                           (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐    **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐    **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐    **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐    **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**B6E (Official Form 6E) (04/13) - Cont.**

In re ___Kenneth J. Hibbing & Elizabeth D. Hibbing_____,    Case No._____
                       Debtor                                                              (if known)

☐   **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    * Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                   0___ **continuation sheets attached**

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-814 - 322.62-301X-***** - PDF-XChange 3.0

B6F (Official Form 6F) (12/07)

In re __Kenneth J. Hibbing & Elizabeth D. Hibbing,__   Case No. _____
          **Debtor**                                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  0220 <br><br> BMO Harris Bank <br> 1200 East Warrenville Road 3/C <br> Naperville, IL 60563 | | H | Balance on Business Account | | | | 365.35 |
| ACCOUNT NO.  9977 <br><br> BMO Harris Bank <br> P. O. Box 6201 <br> Carol Strem, IL 60197-6201 | | H | Balance on Business Account | | | | 4,791.00 |
| ACCOUNT NO.  2688 <br><br> BMO Harris Bank <br> P. O. Box 6201 <br> Carol Strem, IL 60197-6201 | | J | Balance on Account | | | | 1,863.57 |
| ACCOUNT NO.  2782 <br><br> Chase <br> P. O. Box 15298 <br> Wilmington, DE 19850 | | H | Balance on Account | | | | 26,436.00 |

_____6_____ continuation sheets attached

Subtotal ➤  $  33,455.92

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322r2-301X-***** - PDF-XChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re  Kenneth J. Hibbing & Elizabeth D. Hibbing                    ,          Case No. _____
           **Debtor**                                                                                          **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  4183 <br><br> Chase <br> Attn:Bankruptcy Dept <br> P. O. Box 15298 <br> Wilmington, DE 19850 | | H | | | | X | Notice Only |
| ACCOUNT NO.  7850 <br><br> Chase- BP <br> P. O. Box 15298 <br> Wilmington, DE 19850 | | H | Balance on Account | | | | 1,209.00 |
| ACCOUNT NO.  4183 <br><br> Chase/Best Buy <br> P. O. Box 15298 <br> Wilmington, DE 19850 | | H | Balance on Account | | | X | 751.00 |
| ACCOUNT NO.  1378 <br><br> Citibank <br> 701 East 60th Street <br> Sioux Falls, SD 57104 | | H | Balance on Account | | | | 23,975.00 |
| ACCOUNT NO.  1378 <br><br> Citibank SD, NA <br> Attn: Centralized Bankruptcy <br> P. O. Box 20363 <br> Kansas City, MO 64195 | | H | | | | | Notice Only |

Sheet no. __1__ of __6__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤    $    25,935.00

Total ➤    $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322x2-301X-***** - PDF-XChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re  Kenneth J. Hibbing & Elizabeth D. Hibbing        ,        Case No. _____
                    **Debtor**                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  6466 <br><br> Dell Financial Services <br> Attn: Bankrupcty <br> P. O. Box 81577 <br> Austin, TX 78708 | | H | | | | | Notice Only |
| ACCOUNT NO.  7045 <br><br> Discover Fin Svcs LLC <br> Po Box 15316 <br> Wilmington, DE 19850 | | H | Balance on Account | | | | 7,540.00 |
| ACCOUNT NO.  8467 <br><br> Exxon Mobile/Citibank <br> Attn.: Centralized  Bankruptcy <br> P. O. Box 20507 <br> Kansas City, MO 64195 | | J | | | | | Notice Only |
| ACCOUNT NO.  8467 <br><br> Exxon Mobile/Citibank <br> P. O. Box 6497 <br> Sioux Falls, SD 57117 | | J | Balance on Account | | | | 1,239.00 |
| ACCOUNT NO.  0003 <br><br> Federal Loan Servicing <br> P. O. Box 69184 <br> Harrisburg, PA 17106 | | W | Student Loan | | | | 12,901.00 |

Sheet no.  2   of  6   continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ $  21,680.00

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322c2-301X-***** - PDF-XChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re  Kenneth J. Hibbing & Elizabeth D. Hibbing                ,          Case No. _____
                          **Debtor**                                                                 **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  0001 <br><br> Federal Loan Servicing <br> P. O. Box 69184 <br> Harrisburg, PA 17106 | | W | Student Loan | | | | 10,950.00 |
| ACCOUNT NO.  0004 <br><br> Federal Loan Servicing <br> P. O. Box 69184 <br> Harrisburg, PA 17106 | | W | Student Loan | | | | 5,611.00 |
| ACCOUNT NO.  0005 <br><br> Federal Loan Servicing <br> P. O. Box 69184 <br> Harrisburg, PA 17106 | | W | Student Loan | | | | 5,095.00 |
| ACCOUNT NO.  0002 <br><br> Federal Loan Servicing <br> P. O. Box 69184 <br> Harrisburg, PA 17106 | | W | Student Loan | | | | 1,519.00 |
| ACCOUNT NO.  7028 <br><br> GECRB/Gap <br> Attn: Bankruptcy <br> P. O. Box 103104 <br> Roswell, GA 30076 | | H | | | | | Notice Only |

Sheet no. __3__ of __6__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  | $ | 23,175.00

Total ➤  | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322t2-301X-***** - PDF-XChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re ___Kenneth J. Hibbing & Elizabeth D. Hibbing_____,        Case No. _____
        **Debtor**                                                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  7147 GECRB/JC Penney Attention:  Bankruptcy P. O. Box 103104 Roswell, GA 30076 | | W | | | | | Notice Only |
| ACCOUNT NO.  3415 GECRB/Lowes Attn:  Bankruptcy Dept P. O. Box 103104 Roswell, GA 30076 | | W | | | | | Notice Only |
| ACCOUNT NO.  9869 Kohls/Capital One N56 W 17000 Ridgewood Dr Menomonee Falls, WI 53051 | | W | Balance on Account | | | | 1,004.00 |
| ACCOUNT NO.  7147 Syncb/JC Penney P. O. Box 965007 Orlando, FL 32896 | | W | Balance on Account | | | | 264.00 |
| ACCOUNT NO.  3415 Syncb/Lowes P. O. Box 956005 Orlando, FL 32896 | | W | Balance on Account | | | | 378.00 |

Sheet no. __4__ of __6__ continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 1,646.00
Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322r62-301X-***** - PDF-XChange 3.0

**B6F (Official Form 6F) (12/07) - Cont.**

In re   Kenneth J. Hibbing & Elizabeth D. Hibbing              ,          Case No. _____
                          **Debtor**                                                          **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  7028 Syncb/Paypal Extras P. O. Box 965005 Orlando, FL 32896 | | H | Balance on Account | | | | 1,777.00 |
| ACCOUNT NO.  3284 UMB Bank NA P. O. Box 419734 Kansas City, MO 64141 | | J | Balance on Account | | | | 9,639.00 |
| ACCOUNT NO.  0676 Universal/Citibank 701 East 60th Street North Sioux Falls, SD 57117 | | H | Balance on Account | | | | 2,741.00 |
| ACCOUNT NO.  0676 Universal/Citibank Attn.: Centralized  Bankruptcy P. O. Box 20507 Kansas City, MO 64195 | | H | | | | | Notice Only |
| ACCOUNT NO.  6466 Web Bank/DFS 1 Dell Way Round Rock, TX 78682 | | H | Balance on Account | | | | 301.00 |

Sheet no.  5   of  6   continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 14,458.00

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc.- ver. 4.7.7-814 - 322t2-301X-***** - PDF-XChange 3.0

B6F (Official Form 6F) (12/07) - Cont.

In re  Kenneth J. Hibbing & Elizabeth D. Hibbing              ,     Case No. _____
                          **Debtor**                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  3466<br><br>Wilmer<br>P. O. Box 1397<br>Dayton, OH 45401-1397 | | H | Balance on Business Account | | | | 8,100.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no.  6   of  6   continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ► $ 8,100.00

Total ► $ 128,449.92

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322r2-301X-***** - PDF-XChange 3.0

B6G (Official Form 6G) (12/07)

In re  Kenneth J. Hibbing & Elizabeth D. Hibbing                    Case No. _____
_____
**Debtor**                                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.  Provide the
names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or
contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe,
guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322G2-301X-***** - PDF-XChange 3.0

**B6H (Official Form 6H) (12/07)**

In re    Kenneth J. Hibbing & Elizabeth D. Hibbing                    Case No. _____
_____
                    **Debtor**                                                                        **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322G3-301X-***** - PDF-XChange 3.0

**Fill in this information to identify your case:**

Debtor 1   Kenneth J. Hibbing
           First Name   Middle Name   Last Name

Debtor 2   Elizabeth D. Hibbing
(Spouse, if filing)   First Name   Middle Name   Last Name

United States Bankruptcy Court for the:   Northern   District of   IL

Case number
(if known)   _____

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition
  chapter 13 income as of the following date:

  _____
  MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
|---------|---------------------|

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

|  | **Debtor 1** | **Debtor 2 or non-filing spouse** |
|---|---|---|
| **Employment status** | ☒ Employed<br>☐ Not employed | ☒ Employed<br>☐ Not employed |
| **Occupation** | Self-Employed | Branch Analyst |
| **Employer's name** | BNK Forms & Filings | Uline |
| **Employer's address** | Lindenhurst, Illinois<br>Number   Street | Pleasant Prairie, Wisconsin<br>Number   Street |
|  | Lindenhurst, Illinois<br>City   State   ZIP Code | Pleasant Prairie, Wisconsin<br>City   State   ZIP Code |
| **How long employed there?** | 22 years | 4 years |

| Part 2: | Give Details About Monthly Income |
|---------|-----------------------------------|

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 0.00 | $ 5,600.00 |
| 3. | **Estimate and list monthly overtime pay.** | + $ 0.00 | + $ 500.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | $ 0.00 | $ 6,100.00 |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 32262-301X-***** - PDF-XChange 3.0

Kenneth J. Hibbing

Debtor 1 _____    Case number *(if known)* _____
First Name        Middle Name        Last Name

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here ........................................................ ➔ 4. | $ 0.00 | $ 6,100.00 |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 1,400.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 104.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. **Insurance** | 5e. | $ 0.00 | $ 365.00 |
| 5f. **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. **Other deductions.** Specify: ; | 5h. | + $ 0.00 | + $ 0.00 |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ 0.00 | $ 1,869.00 |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 4,231.00 |

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly income. | 8a. | $ 880.00 | $ 0.00 |
| 8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: ; | 8f. | $ 0.00 | $ 0.00 |
| 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. **Other monthly income.** Specify: ; | 8h. | + $ 0.00 | + $ 0.00 |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 880.00 | $ 0.00 |
| 10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 880.00 + $ 4,231.00 | = $ 5,111.00 |

11. State all other regular contributions to the expenses that you list in *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives**.**

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____    11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.    12.    $ 5,111.00
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

☒ Yes. Explain:   Debtor intends to start new employment as car salesman (commission plus $100 per week.)

**Fill in this information to identify your case:**

Debtor 1    Kenneth J. Hibbing
          First Name      Middle Name      Last Name

Debtor 2    Elizabeth D. Hibbing
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for the:   Northern    District of   IL

Case number _____
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13
expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2
maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Your Household |
| --- | --- |

1. **Is this a joint case?**

   ☐ No. Go to line 2.
   ☒ Yes. **Does Debtor 2 live in a separate household?**

     ☒ No
     ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**    ☐ No

Do not list Debtor 1 and     ☒ Yes. Fill out this information for
Debtor 2.           each dependent.........................

Do not state the dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
| --- | --- | --- |
| son | 21 | ☐ No   ☒ Yes |
| son | 17 | ☐ No   ☒ Yes |
| | | ☐ No   ☐ Yes |
| | | ☐ No   ☐ Yes |
| | | ☐ No   ☐ Yes |

3. **Do you include expenses of people other than yourself and your dependents?**    ☒ No    ☐ Yes

| Part 2: | Estimate Your Ongoing Monthly Expenses |
| --- | --- |

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I.)

|  | **Your expenses** |
| --- | --- |

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ 2,200.00

   **If not included in line 4:**

   4a. Real estate taxes    4a. $ 0.00

   4b. Property, homeowner's, or renter's insurance    4b. $ 0.00

   4c. Home maintenance, repair, and upkeep expenses    4c. $ 100.00

   4d. Homeowner's association or condominium dues    4d. $ 35.00

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-814 - 32262-301X-***** - PDF-XChange 3.0

Debtor 1    **Kenneth J. Hibbing**                                    Case number *(if known)*_____
First Name    Middle Name    Last Name

| | | Your expenses |
|---|---|---|

5. **Additional mortgage payments for your residence**, such as home equity loans    5.    $_____670.00

6. **Utilities:**

   6a.  Electricity, heat, natural gas    6a.    $_____250.00

   6b.  Water, sewer, garbage collection    6b.    $_____75.00

   6c.  Telephone, cell phone, Internet, satellite, and cable services    6c.    $_____425.00

   6d.  Other. Specify: _____    6d.    $_____0.00

7. **Food and housekeeping supplies**    7.    $_____500.00

8. **Childcare and children's education costs**    8.    $_____0.00

9. **Clothing, laundry, and dry cleaning**    9.    $_____150.00

10. **Personal care products and services**    10.    $_____0.00

11. **Medical and dental expenses**    11.    $_____0.00

12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.    12.    $_____400.00

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**    13.    $_____50.00

14. **Charitable contributions and religious donations**    14.    $_____0.00

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

   15a.  Life insurance    15a.    $_____0.00

   15b.  Health insurance    15b.    $_____0.00

   15c.  Vehicle insurance    15c.    $_____365.00

   15d.  Other insurance. Specify:_____    15d.    $_____0.00

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____    _____    16.    $_____0.00

17. **Installment or lease payments:**

   17a.  Car payments for Vehicle 1    17a.    $_____278.00

   17b.  Car payments for Vehicle 2    17b.    $_____0.00

   17c.  Other. Specify: Bankruptcy Attorneys Fees _____    17c.    $_____200.00

   17d.  Other. Specify:_____    17d.    $_____0.00

18. **Your payments of alimony, maintenance, and support that you did not report as deducted
from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).**    18.    $_____0.00

19. **Other payments you make to support others who do not live with you.**
Specify:_____    19.    $_____0.00

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**

   20a.  Mortgages on other property    20a.    $_____0.00

   20b.  Real estate taxes    20b.    $_____0.00

   20c.  Property, homeowner's, or renter's insurance    20c.    $_____0.00

   20d.  Maintenance, repair, and upkeep expenses    20d.    $_____0.00

   20e.  Homeowner's association or condominium dues    20e.    $_____0.00

Debtor 1    Kenneth J. Hibbing
_____    Case number *(if known)*_____
First Name    Middle Name    Last Name

21.  **Other**. Specify:  Business Expenses _____ _____    21.  **+**$_____ 200.00

22.  **Your monthly expenses.** Add lines 4 through 21.
     The result is your monthly expenses.    22.  $_____ 5,898.00

23.  **Calculate your monthly net income.**

     23a.  Copy line 12 (*your combined monthly income*) from *Schedule I*.    23a.  $_____ 5,111.00

     23b.  Copy your monthly expenses from line 22 above.    23b.  **−**$_____ 5,898.00

     23c.  Subtract your monthly expenses from your monthly income.
          The result is your *monthly net income*.    23c.  $_____ -787.00

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

     For example, do you expect to finish paying for your car loan within the year or do you expect your
     mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

     ☒ No.
     ☐ Yes.    Explain here:

B6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
### Northern District of Illinois

Kenneth J. Hibbing & Elizabeth D. Hibbing

In re _____    Case No. _____

_____
Debtor

Chapter ___7___

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $ 220,000.00 | | |
| B – Personal Property | YES | 3 | $ 44,242.00 | | |
| C –  Property Claimed as exempt | YES | 2 | | | |
| D – Creditors Holding Secured Claims | YES | 2 | | $ 217,810.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 7 | | $ 128,449.92 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $ 5,111.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 3 | | | $ 5,898.00 |
| TOTAL | | 24 | $ 264,242.00 | $ 346,259.92 | |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322v62-301X-***** - PDF-XChange 3.0

# United States Bankruptcy Court
## Northern District of Illinois

In re    Kenneth J. Hibbing & Elizabeth D. Hibbing    Case No. _____

Debtor

Chapter    7

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐    Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 36,076.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 36,076.00 |

**State the Following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 12) | $ 5,111.00 |
| Average Expenses (from Schedule J, Line 22) | $ 5,898.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 7,071.00 |

**State the Following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0.00 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4.  Total from Schedule F | | $ 128,449.92 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 128,449.92 |

In re  Kenneth J. Hibbing & Elizabeth D. Hibbing _____   Case No. _____
                        **Debtor**                                              **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____26____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  July 25, 2014 _____          Signature:  /s/ Kenneth J. Hibbing _____
                                                                        **Debtor**

Date  July 25, 2014 _____          Signature:  /s/ Elizabeth D. Hibbing _____
                                                                        (Joint Debtor, if any)

                                              [If joint case, both spouses must sign.]

--------------------------------------------------------------------------------------------------------------------------------

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                       Social Security No.
of Bankruptcy Petition Preparer                              *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
Address

X _____          _____
   Signature of Bankruptcy Petition Preparer                              Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

--------------------------------------------------------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____sheets *(total shown on summary page plus 1),*and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____

                                                          _____
                                                          [Print or type name of individual signing on behalf of debtor.]

                    *[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
--------------------------------------------------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In Re ___Kenneth J. Hibbing & Elizabeth D. Hibbing_____     Case No. _____
                                                                                                                                    (if known)

## STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  If the answer to an applicable question is "None," mark the box labeled "None."  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

      *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1.  Income from employment or operation of business

None
☐

      State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2014(db) | $37.792. | Employment/Operation of Business |
| 2013(db) | $14,568. | Employment/Operation of Business |
| 2012(db) | $16,980. | Employment/Operation of Business |
| | | |
| 2014(jdb) | $42,378. | Employment |
| 2013(jdb) | $64,540. | Employment |
| 2012(jdb) | $58,298. | Employment |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322t62-301X-***** - PDF-XChange 3.0

B7 (Official Form 7) (04/13)                                                                                          2

---

**2.   Income other than from employment or operation of business**

None      State the amount of income received by the debtor other than from employment, trade, profession, or operation
☐        of the debtor's business during the two years immediately preceding the commencement of this case.   Give
         particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter
         12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are
         separated and a joint petition is not filed.)

         AMOUNT                                           SOURCE

2014  (db)      $ 1,000.

2013(db)        $ 2,000.

---

None      **3. Payments to creditors**
☐
           *Complete a. or b., as appropriate, and c.*

           *a. Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of
           goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of
           this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.
           Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation
           or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor
           counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both
           spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Current monthly mortgage and car payments. | | | |
| Current monthly misc. Business Accounts. | | | |

---

None      *b. Debtor whose debts are not primarily consumer debts:*  List each payment or other transfer to any creditor made
☒        within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that
         constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk
         (*)any payments that were made to a creditor on account of a domestic support obligation or as part of an
         alternativerepayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.
         (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both
         spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322G2-301X-***** - PDF-XChange 3.0

3

---

None

☒

    *c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

    **4.   Suits and administrative proceedings, executions, garnishments and attachments**

None

☒

    a.     List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

---

None

☒

    b.     Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

    **5.   Repossessions, foreclosures and returns**

None

☒

    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322t62-301X-***** - PDF-XChange 3.0

**6.  Assignments and Receiverships**

None ☒  a.    Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒  b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.  Gifts**

None ☒      List all gifts or charitable contributions made within one year immediately preceding the commencement of this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.  Losses**

None ☐      List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| Roof Damage | $3,200. paid by Insurance | May, 2014 |

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322t2-301X-***** - PDF-XChange 3.0

B7 (Official Form 7) (04/13)                                                                                                  5

**9.    Payments related to debt counseling or bankruptcy**

None          List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys,
☐       for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in
        bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| James T Magee Magee, Negele & Associates, P.C. 444 North Cedar Lake Road Round Lake, Illinois 60073 | Payor: Debtors | $1,200.00 |

**10.   Other transfers**

None    a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs
☒       of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement
        of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses
        whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

        b.    List all property transferred by the debtor within ten years immediately preceding the commencement of this case
        to a self-settled trust or similar device of which the debtor is a beneficiary.

None
☒
| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.   Closed financial accounts**

None          List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which
☒       were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.
        Include checking, savings, or other financial accounts, certificates of deposit, or other instruments;  shares and share
        accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial
        institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or
        instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
        and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                                  6

**12. Safe deposit boxes**

None
☐
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.    (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| State Bank of the Lakes | Debtors | Misc. Papers and Documents (Children's $200 Savings Bond) | |

**13. Setoffs**

None
☒
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.    (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
☒
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
☒
If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                                7

**16.  Spouses and Former Spouses**

None
☒

      If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin)  within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.



NAME

**17.  Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

      "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

      "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
☒

     a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

     b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

     c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-814 - 322G2-301X-***** - PDF-XChange 3.0

B7 (Official Form 7) (04/13)                                                                                                8

**18.  Nature, location and name of business**

None     a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the
☐        businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or
         managing executive of a corporation, partnership, sole proprietorship, or  was self-employed in a trade, profession, or
         other activity either full- or part-time within six years immediately preceding the commencement of this case, or in
         which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately
         preceding the commencement of this case.

         If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and
         beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the
         voting or equity  securities, within the six years immediately preceding the commencement of this case.

         If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and
         beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the
         voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| Kenneth J. Hibbing d/a/a BNK Forms & Filings | xxx-xx-1962 | | Business Forms Re-Seller | 1992 to Present |

         b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11
None     U.S.C. § 101.
☒
         NAME                                                                                ADDRESS

         The following questions are to be completed by every debtor that is a corporation or partnership and by any individual
debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an
officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a
partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

         *(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in
business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has
not been in business within those six years should go directly to the signature page.)*

Bankruptcy2014 ©1991-2014, New Hope Software, Inc. - ver. 4.7.7-814 - 322G2-301X-***** - PDF-XChange 3.0

B7 (Official Form 7) (04/13)                                                                                      9

**19.  Books, record and financial statements**

None   a.      List all bookkeepers and accountants who within the two years immediately preceding the filing of this
☒      bankruptcy case kept or supervised the keeping of books of account and records of the debtor.


NAME AND ADDRESS                                        DATES SERVICES RENDERED


None   b.      List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case
☒      have audited the books of account and records, or prepared a financial statement of the debtor.


NAME                          ADDRESS                          DATES SERVICES RENDERED


None   c.      List all firms or individuals who at the time of the commencement of this case were in possession of the books
☒      of account and records of the debtor. If any of the books of account and records are not available, explain.


NAME                          ADDRESS


None   d.      List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
☒      financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.


NAME AND ADDRESS                                        DATE
                                                       ISSUED


**20.  Inventories**

None   a.      List the dates of the last two inventories taken of your property, the name of the person who supervised the
☒      taking of each inventory, and the dollar amount and basis of each inventory.


DATE OF INVENTORY              INVENTORY SUPERVISOR          DOLLAR AMOUNT OF INVENTORY
                                                             (Specify cost, market or other basis)


None   b.      List the name and address of the person having possession of the records of each of the two inventories
☒      reported in a., above.


DATE OF INVENTORY                                      NAME AND ADDRESSES OF CUSTODIAN OF
                                                       INVENTORY RECORDS

B7 (Official Form 7) (04/13)                                                                                                    10

**21. Current Partners, Officers, Directors and Shareholders**

None    a.    If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
☒

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None    b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly
☒          or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22. Former partners, officers, directors and shareholders**

None    a.    If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately
☒          preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None    b.    If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated
☒          within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23.  Withdrawals from a partnership or distribution by a corporation**

None        If the debtor is a partnership or a corporation, list all withdrawals or distributions credited or given to an insider,
☒      including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite
        during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                           11

---

**24.  Tax Consolidation Group**

None        If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of
☒          any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year
           period immediately preceding the commencement of the case.

        NAME OF PARENT CORPORATION                    TAXPAYER IDENTIFICATION NUMBER (EIN)

---

**25.  Pension Funds**

None        If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to
☒          which the debtor, as an employer, has been responsible for contributing at any time within the six-year period
           immediately preceding the commencement of the case.

        NAME OF PENSION FUND                          TAXPAYER IDENTIFICATION NUMBER (EIN)

\*    \*    \*    \*    \*    \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments
thereto and that they are true and correct.

Date  July 25, 2014                    Signature       /s/ Kenneth J. Hibbing
                                       of Debtor       _____
                                                       KENNETH J. HIBBING

Date  July 25, 2014                    Signature       /s/ Elizabeth D. Hibbing
                                       of Joint Debtor  _____
                                                       ELIZABETH D. HIBBING

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-814 - 322G2-301X-\*\*\*\*\* - PDF-XChange 3.0

B7 (Official Form 7) (04/13)                                                                                           12

<u>   0   </u> continuation sheets attached

***Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571***

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

   I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____        _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social Security No. (Required by 11 U.S.C. § 110(c).)
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X_____        _____
Signature of Bankruptcy Petition Preparer                                         Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.***

Bankruptcy2014 ©1991-2014, New Hope Software, Inc., ver. 4.7.7-814 - 322/62-301X-***** - PDF-XChange 3.0

B8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

Kenneth J. Hibbing & Elizabeth D. Hibbing

In re _____ , Case No. _____
Debtor                                          Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate.  *(Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)*

Property No.  1

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| Nationstar Mortgage | Marital Residence |

Property will be *(check one)*:

☐ Surrendered                    ☑ Retained

If retaining the property, I intend to *(check at least one)*:

☐ Redeem the property
☐ Reaffirm the debt
☑ Other.  Explain <u>retain, keep current</u>_____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☑ Claimed as exempt                    ☐ Not claimed as exempt

Property No. 2  *(if necessary)*

| **Creditor's Name:** | **Describe Property Securing Debt:** |
|---|---|
| BMO Harris Bank | Marital Residence |

Property will be *(check one)*:

☐ Surrendered                    ☑ Retained

If retaining the property, I intend to *(check at least one)*:

☐ Redeem the property
☐ Reaffirm the debt
☑ Other.  Explain <u>retain, keep current</u>_____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:

☑ Claimed as exempt                    ☐ Not claimed as exempt

B8 (Official Form 8) (12/08)                                                      Page 2

**PART B** - Personal property subject to unexpired leases. *(All three columns of Part B must be completed for Each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1   NO Leased Property | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)): <br><br> ☐ YES ☐ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)): <br><br> ☐ YES ☐ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)): <br><br> ☐ YES ☐ NO |

  1    continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my Estate securing debt and/or personal property subject to an unexpired lease.**

Date: July 25, 2014 _____          /s/ Kenneth J. Hibbing _____
                                                Signature of Debtor


                                              /s/ Elizabeth D. Hibbing _____
                                                Signature of Joint Debtor

B8 (Official Form8)(12/08)

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

PART A      - Continuation

| Property No: 3 | |
|---|---|
| **Creditor's Name:**<br> Toyota Financial Services | **Describe Property Securing Debt:**<br> 2010 Toyota Corolla (82,000 miles) |

Property will be   *(check one):*

☐ Surrendered            ☑ Retained

If retaining the property, I intend to   *(check at least one):*

☐ Redeem the property

☑ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C.§522(f)).

Property is   *(check one):*
☑ Claimed as exempt                    ☐ Not claimed as exempt

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**


**In Re:**                                                                      **Case Number:**




Kenneth J. Hibbing                                          **Chapter 7**
Elizabeth D. Hibbing




**<u>VERIFICATION OF MAILING MATRIX</u>**


**The above-named Debtor(s) hereby verifies that the attached list of creditors is true and correct to the best of my (our) knowledge.**


**Dated:** _____


_____
                                                              Debtor


_____
                                                              Joint Debtor


**James T. Magee [#01729446]**
**MAGEE, NEGELE & ASSOCIATES, P.C.**
**444 North Cedar Lake Road**
**Round Lake, Illinois 60073**
**(847) 546-0055**

BMO Harris Bank
1200 East Warrenville Rd Ste 310
Naperville, IL 60563

BMO Harris Bank
Bankruptcy Dept
770 North Street
Milwaukee, WI 53202

BMO Harris Bank
P. O. Box 6201
Carol Strem, IL 60197-6201

BMO Harris Bank
P. O. Box 6201
Carol Strem, IL 60197-6201

BMO Harris Bank
P. O. Box 94034
Palatine, IL 60094

Chase
P. O. Box 15298
Wilmington, DE 19850

Chase
Attn:Bankruptcy Dept
P. O. Box 15298
Wilmington, DE 19850

Chase- BP
P. O. Box 15298
Wilmington, DE 19850

Chase/Best Buy
P. O. Box 15298
Wilmington, DE 19850

Citibank
701 East 60th Street
Sioux Falls, SD 57104

Citibank SD, NA
Attn: Centralized Bankruptcy
P. O. Box 20363
Kansas City, MO 64195

Dell Financial Services
Attn: Bankrupcty
P. O. Box 81577
Austin, TX 78708

Discover Fin Svcs LLC
Po Box 15316
Wilmington, DE 19850

Exxon Mobile/Citibank
Attn.: Centralized  Bankruptcy
P. O. Box 20507
Kansas City, MO 64195

Exxon Mobile/Citibank
P. O. Box 6497
Sioux Falls, SD 57117

Federal Loan Servicing
P. O. Box 69184
Harrisburg, PA 17106

Federal Loan Servicing
P. O. Box 69184
Harrisburg, PA 17106

Federal Loan Servicing
P. O. Box 69184
Harrisburg, PA 17106

Federal Loan Servicing
P. O. Box 69184
Harrisburg, PA 17106

Federal Loan Servicing
P. O. Box 69184
Harrisburg, PA 17106

GECRB/Gap
Attn: Bankruptcy
P. O. Box 103104
Roswell, GA 30076

GECRB/JC Penney
Attention:  Bankruptcy
P. O. Box 103104
Roswell, GA 30076

GECRB/Lowes
Attn:  Bankruptcy Dept
P. O. Box 103104
Roswell, GA 30076

Kohls/Capital One
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051

Nationstar Mortgage
350 Highland
Houston, TX 77067

Syncb/JC Penney
P. O. Box 965007
Orlando, FL 32896

Syncb/Lowes
P. O. Box 956005
Orlando, FL 32896

Syncb/Paypal Extras
P. O. Box 965005
Orlando, FL 32896

Toyota Financial Services
401 Carlson Pkwy, #125
Minnetonka, MN 55305

Toyota Financial Services
P. O. Box 8026
Cedar Rapids, IA 52408

UMB Bank NA
P. O. Box 419734
Kansas City, MO 64141

Universal/Citibank
701 East 60th Street North
Sioux Falls, SD 57117

Universal/Citibank
Attn.: Centralized  Bankruptcy
P. O. Box 20507
Kansas City, MO 64195

Web Bank/DFS
1 Dell Way
Round Rock, TX 78682

Wilmer
P. O. Box 1307
Dayton, OH 45401

B203
12/94

# United States Bankruptcy Court
## Northern District of Illinois

In re   Kenneth J. Hibbing & Elizabeth D. Hibbing

Case No. _____

Chapter   _____7_____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s)
and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services
rendered or to be rendered on behalf  of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept ......................................……………………........ $ ____2,000.00____

Prior to the filing of this statement I have received .......…………………............. $ _____812.00_____

Balance Due ..................................................……………………………….................... $ ____1,188.00____

2.    The source of compensation paid to me was:

☑ Debtor            ☐ Other (specify)

3.    The source of compensation to be paid to me is:

☑ Debtor            ☐ Other (specify)

4.    ☑   I have not agreed to share the above-disclosed compensation with any other person unless they are members and
associates of my law firm.

☐   I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates
of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
c. [Other provisions as needed]
Upon confirmation of written Post-Petition Fee Agreement for payment of balance due, representation of the Debtor at the meeting
of creditors and confirmation hearing, and any adjourned hearings thereof.

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:
Representation of the Debtor in adversary proceedings and other contested bankruptcy matters.

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the
debtor(s) in the bankruptcy proceeding.

July 25, 2014
_____
Date

_____/s/ James T Magee_____
Signature of Attorney

Magee, Negele & Associates, P.C.
_____
Name of law firm

Bankruptcy2014 ©1991-2014, New Hope Software, Inc.- ver. 4.7.7-814 - 322rG-301X-***** - PDF-XChange 3.0

## RETAINER AGREEMENT

### BANKRUPTCY

**[Installment Payments Intended for Post-Filing Services To Be Confirmed By Client Request]**

Agreement made this 15th day of July, 2014, at Round Lake, Illinois between MAGEE, NEGELE & ASSOCIATES, hereinafter referred to as Attorney, and the undersigned, hereinafter referred to as Client.

1.      Client hereby retains Attorney for filing Chapter 7 Bankruptcy.

2.      Attorney hereby accepts this employment and, in conjunction with the Client's assistance, the Attorney will prepare the necessary Petition in Bankruptcy, Schedules and Statement of Financial Affairs.  Unless and except by separate and subsequent agreement entered into at Client's request after the filing of Client's Bankruptcy Petition, the Attorney will not respond to Creditor inquiries, assist in negotiating Reaffirmation Agreements, attend the First Meeting of Creditors, and assist in providing any documents and documentation requested by the Bankruptcy Trustee.  If so requested after filing, Attorney will provide all such services.

3.      The minimum intended fee to be charged by Attorney for all services before and after the filing of the Bankruptcy Petition is $2,000.00                plus costs and Court filing fees.  Client acknowledges receipt of a listing of possible costs and court fees related to this case.

4.      Client has deposited with Attorney an amount to be credited toward pre-filing costs.  Any balance not expended for costs will be applied toward attorney fees on filing and no further fee will be charged after filing unless requested and confirmed by subsequent agreement.

5.      If requested after filing, all post-filing services referred to in Paragraph 2, above, will be provided for a fee not to exceed the amount stated in Paragraph 3, above, and may be paid in monthly installments of $200.00 on the 15th day of each month after the filing of Client's Petition in Bankruptcy.

6.      The above charges and the proposed subsequent agreement do **not** include extraordinary matters in the nature of hearings on objections to discharge, defending suits on claims, redemption proceedings or motions avoiding liens and related court costs.  The Attorney's charges for work not included in the above will be paid at an hourly rate of $300.00 for the actual time involved.  **Client's failure to attend the First Meeting of Creditors, without prior notice to the Attorney will result in an additional charge of $175.00 for each continued Meeting of Creditors.  Amendments to the List of Creditors will be billed at $10.00 per Creditor plus Court costs for each amended filing.**

ACCEPTED:

/s/Kenneth J. Hibbing                              MAGEE, NEGELE & ASSOCIATES, P.C.

**Client – Kenneth J. Hibbing**

/s/Elizabeth D. Hibbing                         By:      /s/James T Magee

**Client – Elizabeth D. Hibbing**                       James T. Magee